# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

STEVEN DESPOSITO,

    Petitioner,

v.                                                          Case No. 5:13-cv-628-OC-36PRL

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, an inmate in the Florida Department of Corrections proceeding *pro se*, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), in which he challenges his 2011 revocation of probation in the Fifth Judicial Circuit, Citrus County, Florida. Petitioner filed his petition when he gave it to prison officials for mailing on December 16, 2013.

Respondent filed its response (Dkt. 6), and Petitioner filed a reply (Dkt. 8). In a subsequent order (Dkt. 9), the Court directed Respondent to supplement its response to address the timeliness of the petition, and Petitioner was given an opportunity to supplement his reply on this issue. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (holding that a district court is permitted to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition, but noting that before doing so, the court must provide the parties notice and an opportunity to address the timeliness issue).

A one-year statute of limitations applies for filing a habeas petition seeking relief from a state

court judgment under 28 U.S.C. § 2254.  This one-year period "shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. 2244(d)(1)(A).  The statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending ...." 28 U.S.C. 2244(d)(2).

As explained in the Court's previous order, the petition appears to be time-barred under this provision.  Petitioner initially pleaded to his state charges and was sentenced to probation on September 24, 2009. (Dkt. 7, Exs. B, C, E.)  After the state court found that Petitioner violated probation, the court revoked probation and sentenced him to fifteen years' imprisonment on January 25, 2011. (Dkt. 7-1, Exs. I, p. 82, J.)  The Fifth District Court of Appeal affirmed the judgment and sentence on August 2, 2011.  (Dkt. 7-1, Ex. O.)  *See Desposito v. State*, 67 So. 3d 222 (Fla. 5th DCA 2011).

Petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 on December 12, 2012, which the state court denied on April 3, 2013.  (Dkt. 7-1, Ex. R; Dkt. 7-2, Ex. T.)  The Fifth District Court of Appeal affirmed the order of denial on October 22, 2013. (Dkt. 7-3, Ex. AA.)  *See Desposito v. State*, 125 So.3d 161 (Fla. 5th DCA 2013).

The judgment that revoked Petitioner's probation was affirmed on appeal on August 2, 2011. It therefore became final on October 31, 2011, when the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court expired.  *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002); Sup. Ct. R. 13.3.  The limitation period for timely filing a federal habeas petition began running the next day, November 1, 2011.  Therefore, Petitioner had until October 31, 2012, to file a federal habeas petition unless he filed a motion in state court that tolled this period in

accordance with § 2244(d). The record before the Court indicates that Petitioner did not file any such motion in state court within this one-year window.[1] Petitioner's Rule 3.850 motion for postconviction relief was not filed until more than one year after his judgment became final, on December 12, 2012, when he provided it to prison officials for mailing. There is no other information provided in either the petition or response that indicates the one-year period for Petitioner to timely file his habeas petition was tolled.

In its initial response, Respondent stated that "[i]t appears that, based on tolling provisions, the instant Petition was timely filed on December 16, 2013." (Dkt. 6, p. 15.)[2] However, in its supplemental response (Dkt. 11), Respondent states that it miscalculated the petition's timeliness. Respondent contends that the petition must be dismissed as untimely because it was filed after the one-year time period to file a federal habeas petition had run, and that Petitioner's state postconviction motion could not have tolled this time because it too was filed after the one-year period expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition ... that is filed following the expiration of the [federal] limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner was afforded an opportunity to supplement his pleadings on the issue of timeliness after Respondent filed its supplemental response. (See Dkt. 9, p. 4.) The record reflects that he has not done so. Accordingly, he does not refute Respondent's contention that the petition is untimely.

---

[1] Petitioner claims that on March 23, 2011, while his appeal was pending, he filed a motion for reduction or modification of sentence under Florida Rule of Criminal Procedure 3.800(c). He states that this motion was denied but does not provide the date of the denial. However, a motion filed under Rule 3.800(c) does not toll the time limitation for filing a § 2254 petition. *See Baker v. McNeil*, 439 Fed.Appx. 786 (11th Cir. 2011).

[2] There is no indication that this was an intelligent waiver of a statute of limitations defense, as opposed to a mere miscalculation of the petition's timeliness. *See Day*, 547 U.S. at 201-02.

Nor has he presented any argument that his petition is in fact timely, or in the alternative, that it is untimely but should be considered on equitable tolling grounds.[3] As described in the body of this order, the one-year time limitation to file a federal habeas petition expired before Petitioner filed his habeas petition. Consequently, the petition is untimely. The Court finds no basis to consider the petition on the basis of equitable tolling.

Accordingly, it is **ORDERED AND ADJUDGED** that

Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **DISMISSED** as untimely. The Clerk is directed to enter judgment against Petitioner and close this case.

It is further ordered that Petitioner is not entitled to a certificate of appealability. A petitioner does not have absolute entitlement to appeal a district court's denial of his habeas petition. 28 U.S.C. § 2253(c)(1). A district court must first issue a certificate of appealability. *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made this showing. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

---

[3]"[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

**DONE AND ORDERED** in Tampa, Florida, on January 13, 2015.

Charlene Edwards Honeywell
United States District Judge

SA:mcl
Copy furnished to:
*Pro se* Plaintiff
Counsel of Record